IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VENTURE COMMERCIAL
MORTGAGE, LLC,

                Plaintiff,      Civil Action

v.                                      No. 09-2285-KHV-DJW

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for
the Columbian Bank and Trust
Company, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff's Motion for Leave to Amend and Supplement Complaint (doc. 34). For the reasons set forth below, the Court grants Plaintiff's motion.

**I.**    **Nature of the Matter Before the Court**

Plaintiff seeks leave "to add additional allegations regarding the transactions and events that form the basis for its claims against the FDIC as Receiver for The Columbian Bank and Trust Company ('FDIC') and LNV Corporation ('LNV')."[1] Plaintiff also seeks leave to amend its Complaint "to clarify facts" underlying its claims against LNV.[2] Finally, Plaintiff seeks leave to supplement its Complaint "to add factual allegations regarding events that have occurred since

---

[1] Mem. in Support of Pl.'s Mot. for Leave to Amend and Supplement Compl. (doc. 35) at 2.

[2] *Id.*

Plaintiff filed its original Complaint which support additional causes of action against the FDIC and LNV."[3]

## II. Applicable Law

Plaintiff moves to amend pursuant to Federal Rule of Civil Procedure 15(a) and to supplement pursuant to Federal Rule of Civil Procedure 15(d). Rule 15(a) provides that "[t]he Court should freely give leave [to amend] when justice so requires."[4] Rule 15(d), on the other hand, provides that a court may, "on just terms," permit a party to serve a supplemental pleading setting forth transactions, occurrences, or events that have happened since the date of the pleading sought to be supplemented.[5] Both Rule 15(a) and 15(d) motions are addressed to the sound discretion of the court.[6] The court should apply the same liberal standard for exercising its discretion under Rule 15(d) as it does for deciding a motion under Rule 15(a).[7]

---

[3]*Id.*

[4]Fed. R. Civ. P. 15(a)(2).

[5]Fed. R. Civ. P. 15(d).

[6]*Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001) (Rule 15(d) motion to supplement); *Woolsey v. Marion Labs.*, Inc., 934 F.2d 1452, 1462 (10th Cir. 1991) (Rule 15(a) motion to amend).

[7]*Southwest Nurseries, LLC v. Florists Mut. Ins., Inc.*, 266 F.Supp.2d 1253, 1256 (D. Colo. 2003); *see also Walker*, 240 F.3d at 1278 (authorization for leave to supplement "should be liberally granted unless good reason exists for denying leave."); *Capital Solutions, LLC v. Konica Minolta Bus. Solutions U.S.A., Inc.*, No. 08-2027-JWL-DJW, 2009 WL 1635894, at *3 (D. Kan. June 11. 2009) (characterizing Rule 15(a) standard for amendments as a "liberal" one).

**III. Discussion**

   **A.   Claims Against the FDIC**

The FDIC has not filed any opposition to Plaintiff's motion. The Court therefore grants the motion as uncontested with respect to the amended and supplemental allegations relating to the FDIC.[8]

   **B.   Claims Against LNV**

Unlike the FDIC, LNV has filed a brief in opposition to the motion. LNV opposes Plaintiff's motion on two grounds. First, it argues that the District Judge has already dismissed all claims against LNV and that Plaintiff may not move to amend or supplement its Complaint to add new claims against LNV "unless and until that judgment is set aside or vacated."[9] Second, LNV argues that amendment and supplementation would be futile.

The Court is not persuaded by LNV's argument that Plaintiff is barred from seeking leave to amend or supplement until the Court's dismissal is set aside. While it is true that the Court did dismiss all claims against LNV in an Order entered on March 5, 2010,[10] no judgment has ever been entered in favor of LNV. The rule cited by LNV applies only when a final judgment has been entered.[11] Judge Vratil's March 5, 2010 Order dismissed only LNV and not the other Defendants.

---

[8] *See* D. Kan. Rule 7.4(b) ("If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion.").

[9] LNV's Mem. in Opposition to Mot. for Leave to Amend and Supplement Compl. (doc. 39) at 1.

[10] *See* March 5, 2010 Mem. and Order (doc. 32).

[11] *See The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005) ("This court has repeatedly and unequivocally held that, '[o]nce judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed. R. Civ.
(continued...)

"An order dismissing only some defendants is interlocutory" and thus not the equivalent of a final judgment.[12] Furthermore, it is well settled that "[i]n a case involving multiple claims for relief, . . . no final judgment is entered until all claims have been adjudicated unless the court expressly directs the entry of final judgment."[13] Here, it is undisputed that the Court never directed the entry of final judgment. The rule cited by LNV is therefore inapplicable and is not grounds for denying Plaintiff leave to amend or supplement.

The Court is also not persuaded by LNV's arguments that the proposed amendments and supplementation would be futile. A motion to amend or supplement a complaint is futile if, notwithstanding the amendment or supplementation, the complaint would be subject to dismissal.[14] Despite LNV's arguments to the contrary, the Court finds that Plaintiff's allegations satisfy the plausibility test of *Bell Atlantic Corp. v. Twombly*.[15] In other words, the Court finds that the proposed Amended Complaint contains sufficient factual matter, when taken as true, to state claims for relief that are plausible on their face.[16]

---

[11](...continued)
P. 59(e) or 60(b).'").

[12]*Cory v. Aztec Steel Bldg., Inc.*, No. 03-4193-RDR, 2005 WL 1993454, at *1 (D. Kan. Aug. 16, 2005).

[13]*U.S. Surgical Corp. v. Orris, Inc.*, 47 F.Supp.2d 1270, 1271 (D. Kan. 1999) (citing Fed. R. Civ. P. 54(b)).

[14]*Equity Lifestyle Props., Inc. v. City of Albuquerque*, No. CIV 06-69-MCA/LFG, 2008 WL 619188, at *5 (D. N.M. Jan. 31, 2008) (citing *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)).

[15]550 U.S. 544 (2007).

[16]*See id.* at 570.

## IV. Conclusion

The Court finds, in its discretion, that Plaintiff should be granted leave to amend and supplement its Complaint with respect to both LNV and the FDIC. Because the FDIC has not opposed the motion, the Court will grant it as uncontested with respect to the FDIC. Furthermore, with respect to LNV, the Court does not find that the proposed amendments or supplementation would be futile. Nor does the Court find that amendment or supplementation is barred based on the District Judge's March 5, 2010 Order dismissing all claims against LNV. That Order was not a final judgment which would prohibit amendment or supplementation.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Amend and Supplement Complaint (doc. 34) is granted.

**IT IS FURTHER ORDERED** that Plaintiff shall file its First Amended Complaint within **five (5) days** of the date of this Order.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 9th day of June 2010.

s/ David J. Waxse
David J. Waxse
U. S. Magistrate Judge

cc: All counsel and *pro se* parties